**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Petitioner,<br><br>    v.<br><br>Kevin P. Foley,<br><br>    Respondent. | CV-08-1934-PHX-JAT<br><br>**ORDER** |

This matter is before the Court on the United States' Motion for Order to Show Cause Why Respondent Should Not Be Held in Contempt filed on November 24, 2008 (doc. #11). Pursuant to the Order entered on January 14, 2009 (doc. #14), a show-cause hearing was held on April 13, 2009 (doc. #16). Mr. Foley did not appear (doc. #16).

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Go-Video, Inc. v. Motion Picture Association of America*, 10 F.3d 693, 695 (9th Cir. 1993). Civil contempt sanctions are "penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994). Thus, a party imprisoned for civil contempt "carries the keys of his prison in his own pocket. He can end the sentence and discharge himself at any moment by doing what he had previously refused to do." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911) (citation and quote marks omitted).

. . .

The party alleging civil contempt must demonstrate the contemnor's violation of a court order by clear and convincing evidence. *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999). Once a prima facie showing of contempt is made, the burden shifts to the alleged contemnor to show why he or she should not be held in contempt. *United States v. Rylander*, 460 U.S. 752, 757 (1983); *Ayres*, 166 F.3d at 994. To avoid a contempt finding, the alleged contemnor must "present some evidence to explain or justify his refusal" to produce the requested information. *McPhaul v. United States*, 364 U.S. 372, 379 (1960).

The Supreme Court and the Ninth Circuit have held that a district court may properly hold in contempt, by incarceration and otherwise, a party who refuses to comply with an IRS summons after being ordered to do so. *See, e.g., Rylander*, 460 U.S. at 760-761; *United States v. Wheeler*, 952 F.2d 326, 326-327 (9th Cir. 1991); *United States v. Brown*, 918 F.2d 82, 83-84 (9th Cir. 1990).

Mr. Foley is in contempt of three separate Orders entered by this Court. First, the Court entered an Order to Show Cause on August 19, 2008 (doc. #4) ("first OSC"), requiring Mr. Foley to appear before the Court on October 20, 2008, at 3:00 p.m., and show cause why he should not be compelled to comply with the summons. The first OSC also required Mr. Foley to file a written response to the petition. The first OSC was personally served on Mr. Foley by hand-delivery on September 17, 2008 (doc. #5-2; #7; Exhibit 1). However, Mr. Foley flagrantly disobeyed the Court's first OSC by failing to file a written response and by failing to appear at the show-cause hearing (doc. #7).

Second, the Court entered an order on October 21, 2008, enforcing the summons (doc. #9) ("OES"). The Court's OES specifically ordered Mr. Foley to "immediately comply with the Summons by providing the documents and information identified in the Summons to Internal Revenue Officer Dianne Thomas at 2400 West Dunlap, #315, Phoenix, Arizona 85021, (602) 207-8369, within thirty (30) days of service of this Order Enforcing Summons" (doc. #9). The OES was served on Mr. Foley by regular mail on October 21, 2008 (doc. #10) and by personal service on February 26, 2009 (doc. #15). The OES concluded with a warning that "Mr. Foley's non-compliance with the terms and conditions of this Order Enforcing Summons

may serve as grounds for a finding of civil contempt against him" (doc. #9). However, Mr. Foley has not produced any documents as required.

Third, the Court entered an order on January 14, 2009 ("second OSC"), requiring Mr. Foley to appear before the Court on April 13, 2009, at 10:15 a.m., and show cause why he should not be held in contempt for violating the Court's previous orders. The second OSC also required Mr. Foley to bring with him to the hearing all records required to be produced pursuant to the OES and to file a written response to the motion for order to show cause. The second OSC was personally served on Mr. Foley by hand-delivery on February 26, 2009 (doc. #15-2). However, Mr. Foley flagrantly disobeyed the Court's second OSC by failing to file a written response, failing to appear at the show-cause hearing, and failing to bring the records required to be produced pursuant to the OES (doc. #16). To date, Mr. Foley has filed nothing with the Court to indicate his intention to comply with the summons, to object to the summons, or to otherwise respect the Court's orders by responding or complying (*see* docket).

In defiance of the first OSC, the OES, and the second OSC, Mr. Foley failed to appear at the show-cause hearings, failed to file the required responses, and failed to produce a single document to Revenue Officer Thomas. Accordingly, the United States has shown by clear and convincing evidence that Mr. Foley has not complied with the first OSC, the OES, or the second OSC in any respect and that such non-compliance constitutes contempt. In addition, Mr. Foley has failed to show why he should not be held in contempt. Based on the foregoing and on the papers and records on file in this case, and good cause appearing,

**IT IS HEREBY ORDERED** that Respondent Kevin P. Foley is in contempt of the Court's Order to Show Cause entered on August 19, 2008 (doc. #4), Order Enforcing Summons entered on October 21, 2008 (doc. #9), and Order entered on January 14, 2009 (doc. #14). A warrant for Mr. Foley's arrest will issue.

DATED this 14th day of April, 2009.

James A. Teilborg
United States District Judge